LGOTHARD, J.
Plaintiffs, Steve and Yvette Hall, appeal a judgment of the trial court which granted summary judgment in favor of defendants, Hy-Tech Roofing Services, Inc. (Hy-Tech) and Lester J. Haydell, III. In so doing, the trial court ruled that plaintiffs’ sole remedy for injuries received was in worker’s compensation. For reasons that follow, we affirm.
The record shows that on July 9, 1996, Steve Hall was a guest passenger in a truck driven by Lester Haydell, which was proceeding westbound on Veterans Boulevard toward its intersection with Severn Avenue. At the intersection, the truck was struck broadside by a vehicle driven by Leslie Didier. It is undisputed that both Haydell and Hall were employees of Hy-Tech and were in the course and scope of that employment |3when the accident occurred. Hall filed this action in tort for recovery of injuries sustained in the accident, asserting that Haydell intentionally ran a red light and failed to yield the right of way.
The record contains an affidavit of Mr. Hall and the deposition of Mr. Haydell. For the most part, the recitation of facts by both parties is consistent. Both agree that Mr. Haydell was driving the vehicle as it struck the vehicle driven by Leslie Didier in the intersection of Veterans Memorial Boulevard and Severn Avenue. Both men agree that they were in the course and scope of their employment when the accident occurred. Mr. Hall maintains the light was red and that he cautioned Mr. Haydell to stop, to no avail. Instead of *501 stopping, Mr. Haydell accelerated and entered the intersection which was already preempted by the vehicle driven by Leslie Didier.
Mr. Haydell contends they were driving to a hardware store to purchase items needed for a job. He was driving and Mr. Hall was navigating. As they approached the intersection, Mr. Hall told Mr. Haydell to turn onto Severn Avenue. After Mr. Haydell had committed to the turn, Mr. Hall realized that the hardware store, which was their destination, was not on Severn. Mr. Hall told Mr. Haydell to continue on Veterans Highway. Accordingly, Mr. Haydell merged, into the right lane and entered the intersection. It was then that their truck collided with another vehicle. Mr. Haydell maintains the signal light was yellow when his vehicle entered the intersection.
Defendants filed an answer and an exception of no cause of action, averring that plaintiffs’ claims were barred by operation of the Louisiana 1¿Workers’ Compensation Law embodied in LSA-R.S. 23:1021, et seq. Subsequently, defendants filed a motion for summary judgment on the ground that the above cited law provides tort immunity from plaintiffs’ claims. In support of the summary judgment, defendants argued that Hall was limited to workers’ compensation benefits from his employer for the personal injuries arising out of and in the course and scope of employment, regardless of employer fault.
One exception to that exclusive remedy affords a cause of action to an employee if the injuries were caused by an employer’s intentional act. LSA-R.S. 23:1032(b). Defendants maintain that no such intentional act occurred in this matter; thus, the plaintiffs’ cause of action is limited to workers’ compensation. The trial court ruled for the defendants and granted the motion for .summary judgment, dismissing plaintiffs’ action.
In brief to this court, plaintiffs/appellants assert that there are material issues of fact remaining which would preclude the grant of the summary judgment. Specifically they argue that Haydell’s actions were sufficient to lead to the legal conclusion that they were “intentional” within the meaning of the term in the exception to the exclusivity of a workers’ compensation remedy. Further, plaintiffs argue that the legal question to be decided is whether Mr. Haydell acted in a manner so certain to cause injury to plaintiff that intent is imputed to him, and vicariously to Hy-Tech.
An “intentional act” as described in the relevant statute is defined the same as “intentional tort”. White v. Monsanto Co., 585 So.2d 1205 (La.1991); Guarino v. Kaiser Aluminum & Chemical, 97-926 (La.App. 5 Cir. 5/13/98), 712 So.2d 989, writ denied, 98-1893 (La.10/30/98), 727 So.2d 1165, cert. den. 526 U.S. 1039, 119 S.Ct. 1334, 143 L.Ed.2d 499 (1999). The clear aim of the legislature was to use the, well-established division between intentional torts and negligence in common law. Intent means that the person 'who acts either “(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result.” White v. Monsanto, Co., supra, 585 So.2d at 1208.
The facts of this case clearly show the incident which injured the plaintiff was a typical automobile accident, and not an action which would constitute, an intentional act within the above definition. Therefore, we find the trial court was correct in granting the summary judgment and we affirm that decision.
AFFIRMED.